UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI SANAKASIBA YOUNG, ADAM ROBLEDO, AND ANTHONY LIPSEY,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-00092-DAD-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>ECF No. 9<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Zuri Young, a state prisoner, brings this section 1983 complaint against various officers of the Californian government, including Governor Newsom. ECF No. 1 at 2. Plaintiff, who has applied to proceed *in forma pauperis*, is a three-striker within the meaning of Title 28 U.S.C. § 1915(g).[1]  His complaint does not show that he fits into that provision's imminent danger exception. Accordingly, I recommend that his application to proceed *in forma pauperis* be denied and that plaintiff be directed to pay the filing fee before this action proceeds.

Plaintiff has had at least three cases dismissed for failure to state a viable claim. *See*

---

[1] Although there are two other plaintiffs listed on the docket, neither has applied to proceed *in forma pauperis* or signed the complaint.

1

1  *Young v. State of Cal. Att'y Gen.*, Case No. 2:99-cv-01039-DFL-JFM (E.D. Cal.) (dismissed on
2  October 7, 1999 for failure to state a claim); *Young v. State of Cal.*, Case No. CV10-8466-UA(E)
3  (C.D. Cal.) (dismissed on November 10, 2010 as frivolous, malicious, and for failure to state a
4  claim); and *Young v. Voong*, Case No. 1:17-cv-01671-LJO-SAB (E.D. Cal.) (dismissed on March
5  7, 2018 for failure to state a claim).

6  Other courts have recognized that he is a three-striker. *See Young v. Williams*, Case No.
7  19-55513 (9th Cir. Oct. 25, 2019) (plaintiff "has had three or more prior actions or appeals
8  dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be
9  granted"); *Young v. Moore*, Case No. 3:19-cv-00270-MMA-KSC (S.D. Cal. Mar. 4, 2019)
10 (same); (3) *Young v. Paramo*, Case No. 3:18-cv-2002-LAB-KSC (S.D. Cal. Sept. 18, 2018)
11 (same); (4) *Young v. State of Cal.*, Case No. 1:20-cv-00539-DAD-JDP (E.D. Cal. April 20, 2020)
12 (same); (5) *Young v. Godwin*, Case No. 1:20-cv-00540-DADJLT (E.D. Cal. April 16, 2020)
13 (same).

14 Plaintiff might still be able to proceed in forma pauperis if the complaint showed that he
15 was in imminent physical danger, but it does not. Plaintiff alleges that agents of the California
16 Department of Corrections and Rehabilitation have been trained by the U.S. military to murder
17 inmates. ECF No. 1 at 3. From there, the complaint descends into vague allegations that the
18 constitutional rights of inmates and their families are being violated. *Id.* at 3-5. Discrete
19 instances of abuse are alluded to, but never alleged with particularity. The complaint is difficult
20 to read, but I see no concrete allegation of imminent danger within it.

21 Accordingly, it is RECOMMENDED that plaintiff's application to proceed *in forma*
22 *pauperis*, ECF No. 9, be denied.

23 These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
25 after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties. Such a document should be captioned
27 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
28 objections shall be served and filed within fourteen days after service of the objections. The

2

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE